UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZEPHYR AVIATION III, L.L.C.,

    Plaintiff,

vs.                                                  Case No.: 8:07-CV-227-T-27TGW

KEYTECH LIMITED, BERMUDA
CABLEVISION, WESTSTAR TV LIMITED,
WESTTEL LIMITED, WEST INTERLINK, INC.,
RODNEY ALAN HANSEN

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by Magistrate Judge Thomas G. Wilson recommending that Defendants' Motion to Dismiss (Dkt. 13) be deferred and the case be stayed for thirty days.[1] (Dkt. 27). Defendants have filed an objection to the Report and Recommendation.[2] (Dkt. 28).

The District Court is required to "make a *de novo* determination of those portions of the magistrate's . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may reconsider a report and recommendation where it has been shown that the magistrate's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the

---

[1] The motion to dismiss was filed by Defendants Bermuda Cablevision, Weststar TV Limited, West Interlink, Inc., and Rodney Alan Hansen (hereafter "Defendants"). Defendants Keytech Limited and Westtel Limited have not made an appearance in this case.

[2] Plaintiff did not file a response to Defendants' objection and the time for doing so has expired.

magistrate." 28 U.S.C. § 636(b)(1)(C).

*Discussion*

Plaintiff Zephyr Aviation III, L.L.C. initiated this action against Defendants on February 5, 2007 seeking declaratory relief concerning the ownership of a 1981 Piper Cheyenne III Aircraft registered in the United States as N396FW (the "Aircraft"). (Dkt. 1). According to the complaint, David Olson is the sole owner/shareholder of Zephyr Aviation III, L.L.C. and Rodney Hansen is affiliated "in some way" with all five companies named as defendants in this action.[3] (Dkt. 1, p. 3).

Defendants moved to dismiss Plaintiff's complaint based on the doctrine of claim splitting. (Dkt. 13). Defendants contend that the claims brought in this case are duplicative of those being considered in two previously filed cases, one pending in the Southern District of Florida (filed by Olson against Hansen on April 15, 2005) and one in the Grand Court of the Cayman Island (filed by Hansen against Olson on April 5, 2005).[4] (Dkt. 13). Defendants also contend dismissal of the complaint is appropriate based on principles of international comity.[5] (Dkt. 13).

Presently, the action pending in the Southern District of Florida is stayed. (Dkt. 13-3). Based on considerations of international comity, fairness to the parties, and the wise use of scarce

---

[3] Hansen admits he is affiliated with the three corporate defendants that joined in the motion to dismiss (Bermuda Cablevision, Weststar TV Limited, West Interlink, Inc.), but asserts that the other two defendants (Keytech and Westtel) have no affiliation or dealings with any of the parties concerning the Aircraft. (Dkt. 13, p. 10 n. 12).

[4] According to the claim splitting doctrine, a district court as part of its general power to administer its docket, has the authority to stay or dismiss a suit that is duplicative of another case then pending in federal court. *Curtis v. Citibank*, N.A. 226 F.3d 133, 138 (2d DCA 2000). Courts borrow from the test for claim preclusion and consider whether to bar the second suit if it involves "the same parties or their privies" and "arises out of the same transaction or series of transactions" as the first suit. *Cadle Co. V. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999).

[5] Pursuant to principles of international comity, federal courts may abstain from the exercise of jurisdiction when it has concurrent jurisdiction with a court of a foreign nation. *Turner Entm't Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1518 (11th Cir. 1994); *see also Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895) (international comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience").

judicial resources, the district court judge presiding over that case found it appropriate to stay the action pending final disposition of the Cayman Island action. (Dkt. 13-3, p. 5). At the time of the magistrate judge's Report and Recommendation, the attorneys of record in this case did not know the status of the Cayman Island action. (Dkt. 28, p. 13).

The magistrate judge concluded that for purposes of the claim splitting doctrine, it was difficult to discern whether this action and the Southern District action involve the same parties or their privies. (Dkt. 27, p. 11). Specifically, the magistrate found that it is "questionable, due to the nature of this suit, whether Hansen can be considered to have a sufficient relationship with his co-defendants to satisfy the claim-splitting test," pointing out that the complaint merely alleges that "HANSEN is either a director, officer or *affiliated in some way* with all of the Defendants." (Dkt. 1, p. 3; Dkt. 27, p. 11) (emphasis added). Ultimately, the magistrate judge determined that this difficult decision concerning claim splitting should be deferred because the most practical way to address this issue would be to stay the case for thirty days to allow Olson to move to lift the stay in the Southern District action and request leave to amend the complaint to add the declaratory claims asserted in this action.[6] (Dkt. 27, pp. 15-16). At the hearing conducted by the magistrate judge on December 17, 2007, Plaintiff's counsel represented that he was amendable to the magistrate judge's suggestion. (Dkt. 27, pp. 2, 11).

*Defendant's Objections*

Defendants object to the magistrate judge's recommendation that the Court temporarily stay the case and defer ruling on the motion to dismiss. (Dkt. 28). According to Defendants, the Court has all the information it needs to issue a ruling on the motion to dismiss and it should do so rather

---

[6] The magistrate judge concluded that Plaintiff's claims in this suit should have been filed in the Southern District action and that the instant action "smacks of forum shopping." (Dkt. 27, p. 12). This Court agrees.

3

than force Defendants to continue to litigate in three forums. (Dkt. 28, pp. 3-5). Defendants' objections are not persuasive.

As discussed in detail by the magistrate judge, the application of the claims splitting doctrine is not clear cut in this case. Moreover, it is within this Court's discretion to consider the equities and totality of the circumstances prior to making a jurisdiction determination. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion"). Once jurisdiction is established in federal court, there is "a virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Thus, the Court should not relinquish jurisdiction without giving proper and full consideration to the equities involved. *See Curtis*, 226 F.3d at 138; *see also Royal and Sun Alliance Ins. Co. of Canada v. Century Intern. Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006) ("a decision to abstain from exercising jurisdiction based on the existence of parallel litigation 'does not rest on a mechanical checklist, but on a careful balancing of the important factors . . . as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction") (citation omitted).

This is particularly true, where, as here, Plaintiff seeks declaratory relief, a form of relief in which federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Accordingly, it is reasonable and within this Court's discretion to stay this action to permit Plaintiff to transfer his claims to the appropriate federal court before making a final jurisdiction determination.

Moreover, even if this Court determined that principals of international comity weigh in favor

of abstaining, Defendants' contention that the appropriate remedy is to dismiss the case, rather than issue a stay, is unpersuasive. First, the district court judge presiding over the Southern District action weighed the factors relevant to an international comity analysis and determined that a stay, rather than dismissal, was appropriate.[7] Staying this case and providing Olson an opportunity to amend his complaint in the Southern District of Florida to include the claims alleged in this case will serve to protect against inconsistent rulings on the issue of international comity. Finally, as both federal cases will be stayed, Defendants' contention that they will be prejudiced and burdened by litigating in three forums simultaneously is unpersuasive.

This Court agrees with the magistrate that the most efficient and proper course of action is to defer judgment on the motion to dismiss and stay the case for a period of thirty days. After careful consideration of the Report and Recommendation and Defendants' objection in conjunction with an independent examination of the file, this Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is

**ORDERED AND ADJUDGED** that

1) The Report and Recommendation (Dkt. 28) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) This case is **STAYED** up to and including April 30, 2008 to permit David Olson to file a motion in the Southern District action to lift the stay and permit amendment to the complaint to add the claims alleged in this action. Plaintiff's counsel shall file a written status report with this

---

[7] Notably, the Eleventh Circuit has expressed a preference for measured stays of proceedings in deference to parallel foreign litigation, instead of the more drastic measure of dismissal. *See e.g. Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1224 (11th Cir. 1999) (affirming district court's decision to abstain, but reversing decision to dismiss rather than stay the case; noting that Eleventh Circuit's jurisprudence "does not dictate that we should dismiss cases with respect to which foreign jurisdictions are conducting parallel proceedings").

Court on or before expiration of the stay.

    3)    Defendants' Motion to Dismiss (Dkt. 13) is **DENIED without prejudice**. If the district court in the Southern District action grants Olson's request, this case will be dismissed. If relief is not granted or if Olson does not seek leave to amend in the Southern District action consistent with counsel's representation, Defendants' counsel shall file a single page notice reinstating their Motion to Dismiss (Dkt. 13).

    4)    The Clerk is directed to administratively close this case.

**DONE AND ORDERED** in chambers this 19th day of March, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record